# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165  
frank@csm-legal.com  

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620  

July 1, 2022

**BY ECF**  
Honorable Ronnie Abrams  
Thurgood Marshall  
United States Courthouse  
40 Foley Square  
New York, NY 10007

      Re:    Tatacoya Flores et al v. 153 J and J Food Market Corp. et al  
              Index No.: 1:21-cv-09917-RA

Your Honor:

      This office represents Plaintiff in the above referenced matter. Plaintiff writes to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as **Exhibit A**.

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

    1. **Background**

      Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Plaintiff contends that he was employed by Defendants' grocery store located 153 99th Street, New York, NY 10029 under the name "JJ Food Market Corp". Plaintiff reports working long hours and being paid a fixed hourly rate, regardless of how many hours a week Plaintiff worked, resulting in him effectively being paid below the statutory minimum wage and overtime rates.

Page 2

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

2. **Settlement Terms**

Plaintiff alleges that he is collectively entitled to a total of $22,012.50 in unpaid overtime and minimum wage damages. Attached as **Exhibit B** is chart breaking down Plaintiff's total damages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Considering the prospect of protracted litigation and an uncertain result, the Plaintiff feels this is an excellent result and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $5,352.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement.

Plaintiff's counsel's lodestar in this case is $3,521.50 and Plaintiff's costs are $529.00. A copy of Plaintiff's billing record is attached as "**Exhibit C**." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014)* ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also*

Page 3

*Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

    ii.    Frank J. Palermo ("FP"), an associate attorney of CSM Legal, PC, graduated with a J.D. from Pennsylvania State University – Dickinson School of Law in 2017. Prior to joining CSM Legal, PC in March 2022, he focused his practice in personal injury and construction accidents as an associate at Jonathan D'Agostino & Associates. His work is billed at a rate of $350 per hour.

    iii.    Work performed by paralegals ("PU" & "PL") is billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                      Respectfully submitted,

                      /s/Frank Palermo
                      Frank J. Palermo
                      CSM LEGAL
                      Attorneys for the Plaintiff

cc:    All Counsel (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ANTONIO TATACOYA FLORES,
*individually and on behalf of others similarly situated*,

                        *Plaintiffs*,

-against-

153 J AND J FOOD MARKET CORP. (d/b/a JJ FOOD MARKET) and JULIAN RAMOS,

                        *Defendants*.

Docket No.: 21-cv-09917

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Jose Antonio Tatacoya Flores, on the one hand, and 153 J and J Food Market Corp. (d/b/a JJ Food Market) ("Corporate Defendant") and Julian Ramos ("Individual Defendant") (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that they worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No.: 21-cv-09917 (hereinafter "the Litigation" or "Action"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

      WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1.     Preliminary Matters. Plaintiff has reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Frank J. Palermo of CSM Legal, P.C. ("Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. The Parties participated in lengthy settlement discussions. Plaintiff acknowledges that it is their choice to waive any potential wage and hour claims in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with

their attorneys. Plaintiff confirms that they fully understand the terms of this Agreement, and that they are signing this Agreement voluntarily. Given the promises set forth in the Agreement, Plaintiff represents and warrants that they now have been properly paid for all time worked during their employment by Defendants, and acknowledge and agree that they will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from any of the Defendants.

2. <u>Dismissal of Pending Action</u>. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against all Defendants, including but not limited to, any claims brought in the Action by Plaintiff; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released, as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice (including the Stipulation of Dismissal annexed hereto as **Exhibit A**), approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage and hour claims as specified herein.

3. <u>Payment</u>: In consideration for Plaintiff's execution of and compliance with this Agreement, including the release set forth in Section 7 of this Agreement, and the dismissal with prejudice of the Action by Plaintiff as against Defendants, Defendants shall pay or caused to be paid to Plaintiff and their counsel, subject to the terms and conditions of this Agreement, the total sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (at times, referred to as the "Settlement Amount"), payable in one payments. The payment of Fifteen Thousand Dollars and No Cents ($15,000.00) shall be due within 30 days of this Agreement being approved by the Court and the dismissal of the Action with prejudice.

Defendants shall remit each the payment by check, payable to "CSM Legal, P.C., As Attorneys For Plaintiffs". Defendants shall make the payment by sending the checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express with a tracking number, addressed to CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165. In the alternative, Defendants may remit the payment by electronic or wire transfer to CSM Legal, P.C. to the following account: Citibank N.A., Routing Number: 021000089, Account Number: 4978263891.

4. <u>Attorneys' Fees.</u> CSM Legal, P.C. shall be accorded Five Thousand Dollars and No Cents ($5,000.00) for legal services rendered, which represents one third of the Settlement Amount.

5. <u>Releases</u>. For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of themself, their heirs, beneficiaries, estate, executors, administrators, trustees, agents, representatives, attorneys, legal representatives, successors, assigns and any other entity or individual, in their respective capacity as such, who may make any wage and hour claim by or through Plaintiff, with respect solely and only to conduct

-2-

that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their present and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all wage and hour actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that Plaintiff executes this Agreement, relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement, in particular the claims under the Fair Labor Standards Act, the New York Labor Law, the New York Minimum Wage Act, and the Hospitality Wage Order of the New York Commissioner of Labor. Similarly, Defendants release and discharge Plaintiff from any and all known or unknown wage and hour claims and liabilities of such kind that they have, had, or claimed to have against Plaintiff, relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement.

8. <u>No Pending or Future Lawsuits</u>. Plaintiff represents that they have no wage and hour lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against the Defendants or any other person or entity referred to herein. Plaintiff also represents that they do not intend to bring any wage and hour claims on their own behalf or on behalf of any other person or entity against Defendants or any other person or entity referred to herein. Defendants represent that they have no wage and hour lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiffs or any other person or entity referred to herein. Defendants also represent that they do not intend to bring any wage and hour claims on their own behalf or on behalf of any other person or entity against Plaintiff or any other person or entity referred to herein.

9. <u>No Admission of Liability</u>. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties hereto, or either of them, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by either party of any fault or liability whatsoever to the other party or to any third party.

10. <u>Non-Disparagement</u>: The parties shall not make any electronic (such as on the Internet, social media, text, or email), oral, or written statement or disclosure that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of the other, including, but not limited to, anything that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to the other. Defendants agree that they will not make any statement or disclosure to anyone in connection with an employment reference for Plaintiffs that would negatively comment on or disparage Plaintiff or that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to Plaintiff. Nothing in this clause shall be construed to limit the parties' ability to testify truthfully pursuant to a subpoena, court order, or other legal mandate. Further, nothing within this clause shall prohibit Plaintiff from making truthful statements about his experience in litigating this action.

11.  **No Entry of Defendants' Premises**:  Plaintiff agrees to not enter Defendants' grocery store "JJ Food Market Corp." located at 153 99th Street, New York, NY 10029 hereafter.

12.  **Modification of the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and Defendants. Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13.  **Notices**:  Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission and the first business day following first-class mailing thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Catalina Sojo, Esq.
CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
Email: catalina@csm-legal.com

To Defendants:

Howard Benjamin, Esq.
260 Madison Avenue, 19th Floor
New York, New York 10016
Tel: (212) 832-3006
Email: benjesq@aol.com

14.  **Governing Law**:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, County of New York in any subsequent proceeding to enforce this Agreement.

15.  **Enforceability:**  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiffs agree to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

16. <u>Acknowledgments</u>. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the releases effected thereby. The Parties represent and warrant that the Settlement Amount is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiff acknowledges that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

17. <u>Headings</u>. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement

18. <u>No Other Representations or Agreements</u>. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except this Agreement. This Agreement constitutes and contains the entire agreement amongst the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

19. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This Agreement may also be executed by facsimile transmission. This Agreement must be executed by all Parties.

20. <u>Successors and Assigns</u>. This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that no party may delegate or avoid any of his/its liabilities or obligations under this Agreement.

IN WITNESS WHEREOF, and intending to be bound, the Parties hereto have executed this Agreement.

**PLAINTIFFS:**

By: *Jose A. Tatacoyo*      Date: 06/24/22
JOSE ANTONIO TATACOYA FLORES

**DEFENDANTS:**

By: _____      Date: 6-23-22
153 J AND J FOOD MARKET CORP.
(d/b/a JJ FOOD MARKET)

Sworn to and subscribed to before me this 23rd day of June, 2022

_____
NOTARY PUBLIC



IVETTE E SANTIAGO
Notary Public, State of New York
No. 01SA4802301
Qualified in Bronx County
Commission Expires Nov. 30, 20 22

By: _____      Date: 6-23-22
JULIAN RAMOS

District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of the circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). For the reasons discussed in the parties' fairness letter, the Court finds that the settlement is fair and reasonable. In particular, the settlement amount and the attorneys' fees are both reasonable, and the release provision is not overbroad. *See Meza v. 317 Amsterdam Corp.*, No. 14-cv-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); *Fernandez v. New York Health Care, Inc.*, No. 19-cv-11575 (OTW), 2020 WL 8880948, at *3 (S.D.N.Y. Apr. 20, 2020). The settlement agreement is thus approved. The parties are directed to file a signed stipulation of dismissal for the Court's endorsement.

SO ORDERED.

_____
Hon. Ronnie Abrams
July 5, 2022

- 6 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ANTONIO TATACOYA FLORES, *individually and on behalf of others similarly situated*,<br><br>　　　　　　　　　　*Plaintiffs*,<br><br>-against-<br><br>153 J AND J FOOD MARKET CORP. (d/b/a JJ FOOD MARKET) and JULIAN RAMOS,<br><br>　　　　　　　　　　*Defendants*. | Docket No.: 21-cv-09917<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

　　　　**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above-captioned action, through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act, New York Labor Law, or any other federal, state, or local law, for unpaid wages, including overtime pay, for the period set forth in the Complaint, or any other wage and hour claims that were asserted and alleged, or could have been asserted or alleged, in the Complaint, for the period set forth in the Complaint.

**IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

| CSM Legal, P.C. | HOWARD BENJAMIN, ATTORNEY AT LAW |
|---|---|
| By: _____ | By: _____ |
| Catalina Sojo, Esq.<br>60 East 42nd Street, Suite, 4510<br>New York, New York 10165<br>(212) 317-1200<br>catalina@csm-legal.com<br>*Attorneys for Plaintiff* | Howard Benjamin, Esq.<br>260 Madison Avenue, 19th Floor<br>New York, New York 10016<br>(212) 832-3006<br>benjesq@aol.com<br>*Attorney for Defendants* |

SO ORDERED:

_____
HON. RONNIE ABRAMS, U.S.D.J.

For Settlement Purposes Only

| Plaintiff | Pay Period | | | | Minimum Wage | | | Paid Wages | | | Unpaid Wages & OT | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| Jose Antonio Tatacoya Flores | 10/1/2017 | 12/31/2017 | 13 | 55 | $ 11.00 | $ 16.50 | $ 875.00 | $ 770.00 | $ 14.00 | $ 21.00 | $ 105.00 | $ 1,365.00 | $ 1,365.00 |
| | 1/1/2018 | 12/31/2018 | 52 | 55 | $ 13.00 | $ 19.50 | $ 937.50 | $ 825.00 | $ 15.00 | $ 22.50 | $ 112.50 | $ 5,850.00 | $ 5,850.00 |
| | 1/1/2019 | 12/31/2019 | 52 | 55 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 15.00 | $ 22.50 | $ 112.50 | $ 5,850.00 | $ 5,850.00 |
| | 1/1/2020 | 3/20/2020 | 11 | 55 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 15.00 | $ 22.50 | $ 112.50 | $ 1,237.50 | $ 1,237.50 |
| | 6/1/2020 | 6/30/2020 | 4 | 42 | $ 15.00 | $ 22.50 | $ 645.00 | $ 630.00 | $ 15.00 | $ 22.50 | $ 15.00 | $ 60.00 | $ 60.00 |
| | 7/1/2020 | 10/17/2021 | 68 | 55 | $ 15.00 | $ 22.50 | $ 937.50 | $ 825.00 | $ 15.00 | $ 22.50 | $ 112.50 | $ 7,650.00 | $ 7,650.00 |
| TOTAL DAMAGES | | | | | | | | | | | | $ 22,012.50 | $ 22,012.50 |

| | | | | |
|---|---|---|---|---|
| NYLL - SOL | 11/26/2015 | | | |
| NYLL Amendment Date | 4/9/2011 | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. |
| FLSA - SOL | 11/25/2018 | | 2 | Plaintiffs reserve the right to correct or amend this chart. |
| Filing Date | 11/24/2021 | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the |
| Today's Date | 7/1/2022 | | | |

| Plaintiff | Pay Period | | Spread of Hours | | | Pre-Judgment Interest | | Other Claims | | Tools | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Start | End | SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | PJI on Wages | PJI on SOH | Wage Notice | Wage Statement | | |
| Jose Antonio Tatacoya Flores | 10/1/2017 | 12/31/2017 | | $ - | $ - | $ 568.51 | $ - | $ 5,000.00 | $ 5,000.00 | | $ 13,298.51 |
| | 1/1/2018 | 12/31/2018 | | $ - | $ - | $ 2,106.87 | $ - | | | | $ 13,806.87 |
| | 1/1/2019 | 12/31/2019 | | $ - | $ - | $ 1,580.37 | $ - | | | | $ 13,280.37 |
| | 1/1/2020 | 3/20/2020 | | $ - | $ - | $ 266.42 | $ - | | | | $ 2,741.42 |
| | 6/1/2020 | 6/30/2020 | | $ - | $ - | $ 11.04 | $ - | | | | $ 131.04 |
| | 7/1/2020 | 10/17/2021 | | $ - | $ - | $ 932.03 | $ - | | | | $ 16,232.03 |
| | | | | | | | | | | | |
| TOTAL DAMAGES | | | | $ - | $ - | $ 5,465.23 | $ - | $ 5,000.00 | $ 5,000.00 | $ - | $ 59,490.23 |

| | |
|---|---|
| NYLL - SOL | 11/26/2015 |
| NYLL Amendment Date | 4/9/2011 |
| FLSA - SOL | 11/25/2018 |
| Filing Date | 11/24/2021 | FLSA and NYLL. |
| Today's Date | 7/1/2022 |



Date: 07/01/2022

# CSM Legal, P.C.

60 E 42nd St, #4510
New York, NEW YORK 10165
United States

Jose Antonio Tatacoya Flores

## 02834-JJFood2021

## Tatacoya Flores et al v. 153 J and J Food Market Corp. et al - 1:21-cv-09917-RA - SDNY

### Services

| Type | Date | Notes | Attorney | Quantity | Rate | Total |
|---|---|---|---|---|---|---|
| Service | 11/10/2021 | Imported Time Entry: Conduct intake with new client and take down the facts of his case | PU | 1.50 | $125.00 | $187.50 |
| Service | 11/22/2021 | Imported Time Entry: Draft and correct complaint sent to attorney for review | PU | 2.20 | $125.00 | $275.00 |
| Service | 11/23/2021 | Imported Time Entry: Correct and Finalize complaint | PU | 2.20 | $125.00 | $275.00 |
| Service | 11/24/2021 | Imported Time Entry: Draft summonses and civil cover sheet, filed the complaint on ecf | PU | 0.50 | $125.00 | $62.50 |
| Service | 12/06/2021 | Imported Time Entry: Sent summonses for service | PU | 0.20 | $125.00 | $25.00 |
| Service | 12/14/2021 | Prepare and send AOS out for service | PL | 1.00 | $125.00 | $125.00 |
| Service | 01/05/2022 | Imported Time Entry: Draft damages chart | PU | 1.50 | $125.00 | $187.50 |
| Service | 01/10/2022 | drft: Drafting Plaintiff's Pre-Trial Disclosures | CS | 0.30 | $300.00 | $90.00 |
| Service | 01/10/2022 | drft: Drafting Plaintiff's Pre-Trial Disclosures | CS | 0.10 | $300.00 | $30.00 |
| Service | 01/10/2022 | em: E-mail to opposing counsel re: confidentiality agreement | CS | 0.10 | $300.00 | $30.00 |
| Service | 01/10/2022 | em: E-mail E-mail to opposing counsel re: confidentiality agreement | CS | 0.10 | $300.00 | $30.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 01/10/2022 | em: E-mail E-mail to opposing counsel re: confidentiality agreement | CS | 0.10 | $300.00 | $30.00 |
| Service | 01/10/2022 | em: E-mail E-mail to opposing counsel re: confidentiality agreement | CS | 0.10 | $300.00 | $30.00 |
| Service | 01/11/2022 | Imported Time Entry: Revised Plaintiff's initial disclosures; sent to DC | CS | 0.40 | $300.00 | $120.00 |
| Service | 05/09/2022 | med: First Mediation - successful. Settled for $15,000 | FP | 1.50 | $300.00 | $450.00 |
| Service | 05/09/2022 | med: Translating for the client. Attending Mediation. | PL | 2.00 | $125.00 | $250.00 |
| Service | 06/02/2022 | Settlement Agreement draft | FP | 1.00 | $350.00 | $350.00 |
| Service | 06/23/2022 | Called Client | PL | 0.10 | $125.00 | $12.50 |
| Service | 06/24/2022 | Called Client | PL | 0.10 | $125.00 | $12.50 |
| Service | 07/01/2022 | em: Communications with OC | FP | 0.10 | $350.00 | $35.00 |
| Service | 07/01/2022 | em: Communications with OC | FP | 0.10 | $350.00 | $35.00 |
| Service | 07/01/2022 | Preparing and submitting fairness letter | FP | 1.00 | $350.00 | $350.00 |
| | | | | **Services Subtotal** | | **$2,992.50** |

## Expenses

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Expense | 11/24/2021 | Filed Complaint Tatacoya Flores et al v. 153 J and J Food Mar Resp Lawyer: CS | 1.00 | $402.00 | $402.00 |
| Expense | 12/06/2021 | Process Server: Sent Summons for Service | 1.00 | $77.00 | $77.00 |
| Expense | 12/14/2021 | AOS 153 J and J Food Market Tatacoya Flores et al v. 153 J and J Food Mar Resp Lawyer: CS | 1.00 | $50.00 | $50.00 |
| | | | **Expenses Subtotal** | | **$529.00** |
| | | | **Subtotal** | | **$3,521.50** |
| | | | **Total** | | **$3,521.50** |